UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
NICHOLAS TENCATI-SOVERALL,

                           Plaintiff,

             -against-

CITY OF NEW YORK; Police Officer GAMALIER BAEZ, Shield No. 20302; Police Officer STEVEN FRANZEL, Shield No. 26765; Sergeant CHRISTOPHER MULLER, Shield No. 4155; and JOHN and JANE DOE 4 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                        Defendants.
------------------------------------------------------------------ X

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

14 CV 1552 (CBA) (CLP)

      Plaintiff, by his attorneys, Harvis Wright & Fett LLP, alleges the following, upon information and belief, as his complaint:

## NATURE OF THE ACTION

      1.     This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

      2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Nicholas Tencati-Soverall ("plaintiff" or "Mr. Tencati-Soverall") is a resident of Kings County in the City and State of New York.

8. Defendant Police Officer Gamalier Baez, Shield No. 20302 ("Baez"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Baez is sued in his individual and official capacities.

9. Defendant Police Officer Steven Franzel, Shield No. 26765 ("Franzel"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Franzel is sued in his individual and official capacities.

10. Defendant Sergeant Christopher Muller, Shield No. 4155 ("Muller"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Muller is sued in his individual and official capacities.

11. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

12. At all times relevant herein, defendants John and Jane Doe 4 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 4 through 10 are sued in their individual and official capacities.

13. The individual defendants involved in the incident underlying this lawsuit were, at all times relevant, agents, servants and employees acting within the scope of their employment by defendant City of New York.

14. At all times relevant herein, the individual defendants were acting under color of state law.

## STATEMENT OF FACTS

15. On May 11, 2013 at approximately 11:30 p.m., in the vicinity of Blake Avenue and Thomas Boyland Street in Brooklyn, New York, the individual defendants stopped an automobile in which plaintiff was a passenger and, among other things, pulled plaintiff from the car and assaulted and arrested him.

16. The individual defendants approached the stopped car with their weapons drawn and shattered the driver's side window.

17. Mr. Tencati-Soverall was pulled from the front passenger seat by one or more of the individual defendants and he was struck in the head with a baton.

18. At no point did the officers observe Mr. Tencati-Soverall do anything illegal and there was no lawful basis to use force on or arrest plaintiff.

19. The injuries inflicted by the individual defendants were treated at Brookdale University Hospital and Medical Center and by Mr. Tencati-Soverall's family physician. Plaintiff sustained a laceration of his skull which was closed with surgical staples, post-traumatic headaches on the right side, nausea, dizziness, blurry vision, difficulty opening his mouth and pain to his right jaw, and contusions to the right side of face and to his neck.

20. Mr. Tencati-Soverall was returned from Brookdale to the 73rd Precinct Stationhouse, where he remained until he was taken to Brooklyn Central Booking at approximately 8:30 a.m.

21. Meanwhile, the individual defendants prepared or allowed to be prepared false police reports accusing Mr. Tencati-Soverall of Resisting Arrest (P.L. §205.30, an A misdemeanor punishable by up to one year jail time) and Obstruction of Governmental Administration (P.L. §195.05, an A Misdemeanor punishable by up to one year jail time).

22. Defendants thereafter made false statements to the Kings County District Attorney's Office.

23. The misrepresentations caused plaintiff to be prosecuted under Kings County Criminal Court Docket Number 2013KN036388 on the false charges.

24. Mr. Tencati-Soverall was arraigned on the false charges and, after approximately twenty-four hours in custody, released on his own recognizance but ordered, under threat of issuance of an arrest warrant and of arrest, to return to Criminal Court to defend against the false charges.

25. On or about January 24, 2014, the charges were dismissed and sealed.

26. Within ninety days after the claim alleged in this complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

27. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

28. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

29. The individual defendants, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the unlawful arrest, use of force, jailing, and prosecution of Mr. Tencati-Soverall.

30. The individual defendants' acts and omissions caused Mr. Tencati-Soverall to suffer loss of liberty, mental and emotional upset and trauma, fear,

humiliation, and deprivation of his constitutional rights, among other injuries.

31. The individual defendants' acts and omissions caused Mr. Tencati-Soverall to suffer great physical pain and lasting physical injuries.

32. The individual defendants, at all times relevant, in arresting, using force on, and imprisoning the plaintiff, and in offering false evidence to the District Attorney and Criminal Court Judges, and other unlawful acts and omissions, acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiff's rights and physical and mental well-being.

## FIRST CLAIM
**False Arrest**

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

35. As a direct and proximate result of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

## SECOND CLAIM
**State Law False Imprisonment and False Arrest**

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37.   By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

38.   Plaintiff was conscious of his confinement.

39.   Plaintiff did not consent to his confinement.

40.   Plaintiff's confinement was not otherwise privileged.

41.   Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

42.   As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained damages alleged herein.

### THIRD CLAIM
### Unreasonable Force

43.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44.   The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

45.   As a direct and proximate result of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

## FOURTH CLAIM
### State Law Assault and Battery

46. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

48. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

49. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained damages alleged herein.

## FIFTH CLAIM
### Malicious Prosecution

50. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

51. The individual defendants, and each of them, without probable cause and with actual malice, commenced and maintained a criminal proceeding against Mr. Tencati-Soverall. Plaintiff was required, under threat of issuance of an arrest warrant and of arrest, to appear in Court to defend against the charge.

52. The prosecution terminated in plaintiff's favor.

53. As a direct and proximate result of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

## SIXTH CLAIM
### State Law Malicious Prosecution

54. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

55. By reason of the foregoing, plaintiff was maliciously and without probable cause subjected to a criminal prosecution, said prosecution ending in plaintiff's favor.

56. Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of plaintiff. Defendant City of New York, as an employer of the individual defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

57. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained damages alleged herein.

## SEVENTH CLAIM
### Negligent Hiring, Training and Retention

58. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

59. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

60. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

61. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

62. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

63. As a direct and proximate result of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

## **EIGHTH CLAIM**
### Intentional Infliction of Emotional Distress

64.  Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

65.  By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon plaintiff.

66.  The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

67.  Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

68.  As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained damages hereinbefore alleged.

## NINTH CLAIM
**Negligent Infliction of Emotional Distress**

69. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

70. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiff.

71. The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

72. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

73. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained damages hereinbefore alleged.

## TENTH CLAIM
### Failure To Intervene

74. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

75. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

76. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth, and Fourteenth Amendments.

77. As a direct and proximate result of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

## ELEVENTH CLAIM
### Improper Supervision of Subordinates

78. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

79. At all times relevant, one or more of individual defendants was employed by the New York City Police Department in supervisory capacity with responsibility for and supervision of the conduct of the other individual defendants.

80.     This defendant failed to properly supervise his subordinates or to otherwise take action to remedy the wrong done to the plaintiff. This defendant was grossly negligent in supervising the other individual defendants by, among other things, failing to properly report upon the incident and failing to take any disciplinary action against the other individual defendants.

81.     As a direct and proximate result of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

## TWELFTH CLAIM
### Denial Of Constitutional Right To Fair Trial

82.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

83.     The individual defendants created false evidence against plaintiff.

84.     The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office and to Judges.

85.     In creating false evidence against plaintiff, and in forwarding false information to prosecutors and Judges, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

86.     As a direct and proximate result of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

## THIRTEENTH CLAIM
**Deliberate Indifference to Medical Needs**

87. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

88. The individual defendants were aware of a need for medical care and failed to act expeditiously, in deliberate indifference to plaintiff's needs.

89. Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiff's medical needs.

90. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:      December 17, 2014
            New York, New York

HARVIS WRIGHT & FETT LLP

_____
Gabriel Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@hwf.nyc

*Attorneys for plaintiff*